IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-04614-GPG

MANUEL JOACHIN HERNANDEZ,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity, and

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Motion to Enforce (D. 9). The Court DENIES the motion for the following reasons.

On September 22, 2026, the Court ordered Respondents to provide Petitioner with a bond hearing under § 1226(a) "at which Respondents bear the burden of proof of showing his continued detention is proper and was proper at the time of his arrest" (D. 4). On September 28, 2026, Petitioner received a bond hearing in front of an immigration judge (IJ) (D. 8-1). The IJ denied bond on the basis that "DHS has established by clear and convincing evidence that Respondent presently poses a danger to the community" and that "DHS has established by a preponderance of the evidence that Respondent presents a risk of flight" (*id.*). The IJ found that Petitioner's criminal

history makes him a danger to the community, and that he poses a flight risk because his likelihood of success challenging his removal is low (*id.*). Petitioner argues that the IJ incorrectly placed the burden of proof on the Petitioner because the IJ's written decision does not adhere to this Court's Order, does not contain any analysis or expressly mention any evidence, and does not identify how the evidence meets the applicable standard (D. 9 at 1). Respondents filed a response stating that they "are not submitted a brief in opposition" to Petitioner's motion to enforce but "do not concede that the Motion is meritorious or that Respondents have not complied with this Court's prior order" (D. 14).

Upon review of the IJ's written decision (D. 8-1), the Court does not find there is sufficient evidence that the IJ failed to adhere to this Court's Order. The IJ identified the burden of proof as on the government, and, contrary to Petitioner's argument, discussed the reasons and evidence supporting the findings that he is a danger to community and poses a flight risk. The IJ also wrote, "[t]he Court has considered the entirety of the evidence in the record, the arguments of both parties, and the factors relevant to custody determinations under Matter of Guerra," indicating that the IJ considered all evidence presented (*id.*). Based on this indication that the IJ considered all evidence presented and found that the government had met its burden of showing that Petitioner is a danger to community and flight risk, the Court cannot say that the IJ failed to apply the correct burden.

Accordingly, Petitioner's motion to enforce is DENIED.

DATED November 3, 2026.

BY THE COURT:

Gordon P. Gallagher

United States District Judge